UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-cv-329-JHM

ZEPORIA MARZETTE                                                        PLAINTIFF

V.

CHARTER COMMUNICATIONS, LLC.                          DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand [DN 7]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Remand is **GRANTED** and Plaintiff's request for attorney's fees and costs is **DENIED**.

### I. BACKGROUND

On April 11, 2017, Plaintiff, Zeporia Marzette, filed this action in Jefferson Circuit Court alleging violations of the Kentucky Civil Rights Act (hereinafter "KCRA"), specifically that she was subjected to a hostile work environment, disparate treatment because of her religion, and retaliatory discharge. (Pl.'s Compl. [DN 1-1] ¶ 17.) Plaintiff, who wears a hijab for religious purposes, was hired by Defendant, Charter Communications, as a customer representative at a call center in February 2017. (Id. ¶¶ 7-8.) Although Plaintiff's team trainer was informed that her hijab was for religious purposes, a supervisor informed Plaintiff that she had to remove her hijab or be sent home. (Id. ¶ 8-9.) Later that day, Plaintiff met with Defendant's Human Resources Manager and was asked to sign a form to request a religious accommodation. (Id. ¶ 10.) After submitting the request, a representative of Defendant decided Plaintiff did not provide enough proof on the form and therefore, she could not wear the hijab for religious purposes. (Id.

¶ 11.) When again faced with ultimatum to remove the hijab or be sent home, Plaintiff opted to go home. (Id. ¶ 12.) Defendant has instructed Plaintiff that in order to return to work, she must either remove her hijab or provide proof of her sincerely held religious beliefs by obtaining a written statement from the head of a mosque. (Id. ¶¶ 13-14.) In her Complaint, Plaintiff seeks compensatory damages for lost wages, emotional distress, mental anguish, humiliation and distress, along with an award of attorney fees, costs and expenses.

On May 30, 2017, Defendant filed a Notice of Removal with this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). (Def.'s Notice Removal [DN 1] ¶ 6.) Defendant claimed in its Notice that the amount in controversy exceeds $75,000, basing this assertion on several recent awards in similar actions that have far exceeded that threshold amount. (Id. ¶¶ 10–16.) On June 26, 2017, Plaintiff filed her Motion to Remand [DN 7] stating that the amount in controversy will not exceed $75,000 and guaranteeing this assertion with a Proposed Stipulation which states that she "is not seeking, will not seek at any time during this litigation, and will not accept a settlement or an award of damages (compensatory, punitive, or otherwise), attorneys' fees, costs, and other relief" in excess of $74,999.99. (Pl.'s Proposed Stipulation [DN 7-1].) In addition, Plaintiff's Motion to Remand includes a request for the Court to award attorney's fees as Plaintiff alleges that Defendant "improperly removed this matter without any reasonable basis in which to do so and for the purpose of increasing costs of the litigation." (Pl.'s Motion to Remand [DN 7] at 2.) Defendant filed its response on July 17, 2017, arguing, "Post-removal stipulations do not eliminate the Court's jurisdiction," and therefore, the Motion to Remand should be denied. (Def.'s Resp. to Pl.'s Mot. to Remand [DN 8] at 1-2.)

**II. STANDARD OF REVIEW**

Removal from state to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendant removed this action pursuant to 28 U.S.C. § 1441, claiming that this Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1).

**III. DISCUSSION**

**1. Motion to Remand**

It is undisputed that these parties are diverse. Therefore, the principal issue here is whether or not Plaintiff's Stipulation that the amount in controversy in this action does not exceed $75,000 is sufficient for the Court to remand this action to Jefferson Circuit Court.

Courts within the Sixth Circuit have "noted on several recent occasions that postremoval stipulations reducing the amount in controversy below the jurisdictional threshold are generally disfavored because" if plaintiffs "were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." Gatlin v. Shoe Show, Inc., No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (citations omitted); see Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000); Agri-Power, Inc. v. Majestic JC, LLC, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013); Proctor v. Swifty Oil Co., Inc., No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012). The Sixth Circuit has advised

that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." Rogers, 230 F.3d at 872. "However, where a state prevents a plaintiff from pleading a specific amount of damages," as Kentucky does, "and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a clarification of the amount in controversy rather than a reduction of such." Agri-Power, 2013 WL 3280244, at *3 (citing Proctor, 2012 WL 4593409, at *3). Therefore, a plaintiff may submit a stipulation that will destroy the amount in controversy requirement for the purposes of diversity jurisdiction under 28 U.S.C. § 1332. Id.

When a plaintiff chooses to submit a stipulation as to the amount in controversy, the stipulation must be unequivocal in order to "limit the amount of recoverable damages and warrant remand." Egan v. Premier Scales & Sys., 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002); see Agri-Power, 2013 WL 3280244, at *3; Proctor, 2012 WL 4593409, at *3. This district "has recognized that a plaintiff may stipulate that it *neither seeks*, *nor will accept*, damages in an amount greater than $75,000, and that such a stipulation will" be sufficiently unequivocal to destroy diversity jurisdiction. Agri-Power, 2013 WL 3280244, at *3 (emphasis added).

Here, Plaintiff uses language nearly identical to that found in the aforementioned cases, as she states that she "is not seeking, will not seek at any time during this litigation, and will not accept a settlement or an award of damages (compensatory, punitive, or otherwise), attorneys' fees, costs, and other relief" in excess of $75,000. (Pl.'s Proposed Stipulation [DN 7-1].) Under diversity jurisdiction, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff here clearly limits the recovery she seeks to an amount below the threshold requirement spelled out by the statute, as she seeks less than $75,000. See Lovelace v.

Stonebridge Life Ins. Co., No. 1:13-CV-000138-TBR, 2013 WL 5966729, at *1 (W.D. Ky. Nov. 8, 2013) (finding unequivocal plaintiff's stipulation that "she will neither seek nor accept damages in this action in excess of $75,000 for all compensatory damages, punitive damages, [attorneys'] fees, exclusive of interest and costs"); see also Jenkins v. Douglas, No. CIV. 15-76-GFVT, 2015 WL 3973080, at *2 (E.D. Ky. June 30, 2015) (finding plaintiff's admission that he will not claim damages of $75,000 exclusive of interests and costs enough to be considered a binding stipulation for the purposes of remand); Rosenstein v. Lowe's Home Centers, Inc., No. CIV.A. 06-CV-415-KKC, 2007 WL 98595, at *1 (E.D. Ky. Jan. 9, 2007) (finding sufficient plaintiffs' affidavit that stated they "have never sought, and will not accept, either individually or collectively, more than $75,000 (exclusive of interest or costs)). Therefore, the language in Plaintiff's Stipulation is sufficiently unequivocal for the purposes of this Motion to Remand.

Although Plaintiff's actual damages may be proven in an amount exceeding $75,000, the Kentucky state court will be forced to rely on Plaintiff's Stipulation to prevent the award of damages from exceeding the stipulated maximum amount of $74,999.99. The U.S. Supreme Court has recently ruled that stipulations such as the one here are "binding and conclusive . . . and the facts stated are not subject to subsequent variation." Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez, 561 U.S. 661, 677 (2010) (quoting 83 C.J.S. Stipulations § 93 (2000)). "Thus, '[s]tipulations must be binding' because they amount to an 'express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact.'" Agri-Power, 2013 WL 3280244, at *4 (citing Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1348 (2013)). Here, Plaintiff demonstrates that she intends for her Stipulation to be binding, stating, "This stipulation is binding in the above action, Jefferson County Civil Action, 17-CI-01776, and any other action, administrative or judicial based on the

same or related claims." (Pl.'s Proposed Stipulation [DN 7-1].) For this reason, Plaintiff effectively stipulates that she neither seeks nor will accept damages in excess of the jurisdictional amount, and she intends for this limitation to be binding and conclusive on all future proceedings.

Therefore, the Court finds Plaintiff's Stipulation to be valid and enforceable and this action will be remanded to Jefferson Circuit Court.

**2. Attorney's Fees and Cost**

Plaintiff has also asked that she be awarded attorney's fees and costs stating that, "Defendant's removal is sought in bad faith and lacks any reasonable basis considering Plaintiff's Complaint states explicitly that damages do not exceed $75,000." (Mot. to Remand [DN 7]). "An order remanding the case may request payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). The use of "may" in this provision gives courts discretion to grant fees to the opposing party. Ohio ex rel. Skaggs v. Brunner, 629 F.3d 527, 530 (6th Cir. 2010). The Supreme Court has held, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Sixth Circuit has "similarly instructed that an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." Warthman v. Genoa Twp. Bd. Of Trs., 549 F.3d 1055, 1059-60 (6th Cir. 2008) (internal quotations omitted).

The Court does not find that Defendant lacked an objectively reasonable basis for seeking removal. The Plaintiff's claim was originally filed in Kentucky state court, which prohibits plaintiffs from pleading a specific amount of damages in its complaint. Ky. CR 8.01 ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court."). Since Kentucky's state practice does not allow demands for a specific sum, a defendant is entitled to assert the amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2)(A)(ii). Even though Plaintiff stated in her Complaint that the amount in controversy was less than $75,000, Defendant was not bound by that Assertion. (Pl.'s Compl. [DN 1-1] ¶ 5.)

Further, the amount in controversy claimed by Defendant in its Notice of Removal is well-founded. Defendant supported its stated amount in controversy by citing to specific cases in which juries have awarded damages similar to those sought by Plaintiff in this case. (Def.'s Notice of Removal [DN 1] ¶¶ 10-16.) Because Plaintiff indicated in her Complaint that she intended to seek damages for emotional distress and Defendant provided evidence of several cases in which juries have awarded damages for emotional distress in excess of $75,000, it is reasonable that Defendant held the good faith believe that damages in this case could also surpass $75,000 and warrant removal to federal jurisdiction.

Moreover, until Plaintiff clarified her damages, Defendant had no assurance that an award in excess of $75,000 would be off the table. Simply because a plaintiff states that she does not seek damages greater than $75,000 does nothing to prevent her from being awarded or collecting damages in excess of this jurisdictional amount. Proctor v. Swifty Oil Co., No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012). Therefore, because the

Court finds that the Defendant's removal was objectively reasonable and there is no evidence of bad faith, awarding attorney's fees and costs to the Plaintiff is unwarranted.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and Plaintiff's request for attorney's fees and costs is **DENIED**.

cc: counsel of record

    Jefferson Circuit Court Clerk

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 26, 2017